2019 IL App (2d) 170773-U
No. 2-17-0773
Order filed November 5, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-179 |
| KATHRYN P. FYFE, | ) ) ) | Honorable Timothy J. McCann, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court properly summarily dismissed defendant's postconviction petition, which alleged that her guilty plea was induced by ineffective assistance of counsel, specifically an actual conflict of interest: defendant could not show actual prejudice, as among other things counsel obtained a very favorable plea bargain, which defendant approved on the record.

¶ 2     Defendant, Kathryn P. Fyfe, appeals from the judgment of the circuit court of Kendall County summarily dismissing her postconviction claim that her trial counsel, because of a conflict of interest, was ineffective for advising her to plead guilty. Because the petition insufficiently alleged a conflict of interest, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted on one count of home invasion (720 ILCS 5/19-6(a)(3) (West 2014)), one count of residential burglary (720 ILCS 5/19-3(a) (West 2014)), and one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2014)).

¶ 5     Following a conference under Illinois Supreme Court Rule 402(d) (eff. July 1, 2012), defendant agreed to plead guilty to residential burglary. Pursuant to the agreement, defendant would testify against her codefendants,[1] the other two charges would be dismissed, and she would be sentenced to 10 years in prison.

¶ 6     At the guilty-plea hearing, defendant stated that she agreed with the terms of the plea bargain and understood that she was not required to enter into it. She further stated that no one had threatened her or promised her anything beyond the agreement. She added that she had thoroughly discussed the agreement with her attorney and that all of her questions had been answered.

¶ 7     Defendant pled guilty and was sentenced to 10 years' imprisonment. She did not move to withdraw her guilty plea or file a direct appeal.

¶ 8     Defendant filed a petition under the Post-Conviction Hearing (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). In her petition, she alleged, among other things, that her trial counsel was ineffective regarding her guilty plea, because he had a conflict of interest. Specifically, she alleged that he had little to no experience as a criminal lawyer. She further alleged that counsel told her not to worry about the prosecutor, because he was a good guy and a good friend and the two had

---

[1] Defendant eventually testified at her codefendant Thomas Gallagher's trial. See *People v. Gallagher*, 2018 IL App (2d) 160500-U.

traveled to Europe together. According to defendant, counsel ignored her calls and never showed up for scheduled meetings. At one point, counsel advised defendant that the State was offering a 22-year prison sentence. Later, he told her that, if she would testify against her codefendants, the State would agree to a 10-year sentence on the residential-burglary charge and dismiss the other two charges. When defendant asked counsel to argue various issues, he refused. When she asked him if an agreement could be drawn up stipulating to certain issues, counsel said no, that he trusted the prosecutor, and that defendant would be fine. Defendant alleged that, because of his lack of experience, counsel inadequately advised her regarding the plea agreement. Defendant would not have pled guilty and would have insisted on a trial had counsel not misguided and misinformed her. Finally, defendant alleged that counsel never informed her that she could move to withdraw her guilty plea.

¶ 9    In a written order, the trial court summarily dismissed the petition. See 725 ILCS 5/122-2.1(a)(2) (West 2016). In doing so, the court found that defendant did not allege facts indicating that her trial counsel was ineffective. The court further found that, even if counsel's performance was deficient, defendant was not prejudiced. The court added that defendant's allegations that her counsel was friends with and had traveled with the prosecutor were insufficient to state a claim of ineffectiveness. Finally, the court noted that defendant alleged, without support, that counsel was unskilled and inexperienced. Defendant, in turn, filed this timely appeal.

¶ 10                                  II. ANALYSIS

¶ 11    On appeal, defendant contends that her postconviction petition should not have been summarily dismissed, because she sufficiently alleged that her trial counsel, who was friends with the prosecutor and lacked experience as a criminal defense attorney, had an actual conflict of interest that affected his advice regarding her guilty plea.

¶ 12    The Act provides a three-stage procedure. *People v. Allen*, 2015 IL 113135, ¶ 21. At the first stage, a trial court shall summarily dismiss a petition that is frivolous or patently without merit. *Allen*, 2015 IL 113135, ¶ 21. Because most petitions are *pro se*, the threshold for first-stage survival is low. *Allen*, 2015 IL 113135, ¶ 24. If a petition alleges sufficient facts to state the gist of a constitutional claim, first-stage dismissal is inappropriate. *Allen*, 2015 IL 113135, ¶ 24. That low threshold, however, does not excuse a *pro se* petitioner from providing sufficient factual support to show that the allegations are capable of objective or independent corroboration. *Allen*, 2015 IL 113135, ¶ 24.

¶ 13    A petition may be dismissed as frivolous or patently without merit only if it has no arguable basis either in law or in fact. *Allen*, 2015 IL 113135, ¶ 25. Meritless legal theories include those that are completely contradicted by the record. *Allen*, 2015 IL 113135, ¶ 25. Meritless factual allegations are fantastic or delusional. *Allen*, 2015 IL 113135, ¶ 25. In evaluating the allegations, a court must take them as true and liberally construe them. *Allen*, 2015 IL 113135, ¶ 25.

¶ 14    The prohibition against conflicts of interest reflects the principle that no person can serve two masters. *People v. Spreitzer*, 123 Ill. 2d 1, 13 (1988). A person accused of a crime enjoys a sixth-amendment right to the effective assistance of counsel. *Spreitzer*, 123 Ill. 2d at 13. Effective assistance means assistance by an attorney whose allegiance to his client is not diluted by conflicting interests or inconsistent obligations. *Spreitzer*, 123 Ill. 2d at 13-14.

¶ 15    One category of conflicts is referred to as *per se*. *Spreitzer*, 123 Ill. 2d at 14. Those conflicts are characterized by a defense attorney's prior or contemporaneous association with either the prosecutor or a victim. *Spreitzer*, 123 Ill. 2d at 14-15. If a *per se* conflict exists, a defendant need not show prejudice to obtain a reversal of her conviction. *Spreitzer*, 123 Ill. 2d at 15.

¶ 16    A second category of conflicts, known as actual conflicts, involves two distinct lines of analysis, depending upon whether the trial court was apprised of the potential conflict. *Spreitzer*, 123 Ill. 2d at 17-18.  If counsel notified the court at an early stage of the potential conflict, the court is required to either appoint different counsel or take steps to ascertain whether the risk of conflict is too remote to warrant different counsel. *Spreitzer*, 123 Ill. 2d at 18.  The failure to do either requires reversal, without any showing of prejudice. *Spreitzer*, 123 Ill. 2d at 18.

¶ 17    However, if the trial court is not apprised of the potential conflict, then reversal of the conviction will be had only upon a showing that an actual conflict adversely affected counsel's performance. *Spreitzer*, 123 Ill. 2d at 18.  That is, a defendant must point to some specific defect in counsel's strategy, tactics, or decision making attributable to the conflict. *Spreitzer*, 123 Ill. 2d at 18.  In that sense, proof of an actual conflict requires proof of actual prejudice. *Spreitzer*, 123 Ill. 2d at 18.  However, a defendant is not required to prove that the conflict contributed to his conviction. *Spreitzer*, 123 Ill. 2d at 19.

¶ 18    Only where a conflict arises from counsel's professional relationship, as opposed to a personal one, can a *per se* conflict exist. *People v. Davis*, 97 Ill. 2d 1, 16-17 (1983).  Thus, where, as here, the conflict is alleged to arise from counsel's personal relationship, a defendant must show an actual conflict. *People v. Crews*, 122 Ill. 2d 266, 284-85 (1988).

¶ 19    We begin by noting that the trial court was never notified at an early stage of any potential conflict.  Accordingly, defendant was required to allege that an actual conflict adversely affected her counsel's performance.  She failed to do so.

¶ 20    A mere friendship between counsel and the prosecutor did not alone show that counsel acted to defendant's detriment in advising her to plead guilty.  Nor did counsel's statement to defendant, that the prosecutor was a good guy whom he trusted, show that counsel did not provide

defendant with competent representation. If anything, it merely showed that counsel was confident that he could strike a fair deal for defendant. Nor did counsel's alleged lack of experience show any conflict of interest.

¶ 21    Further, the record rebuts the allegations that counsel failed to provide competent representation because of the purported conflict. See *People v. Porter*, 122 Ill. 2d 64, 75-76 (1988) (court may consider record in conducting first-stage assessment). Indeed, counsel participated in the Rule 402(d) conference, after which the State substantially reduced its previous offer of 22 years in prison. Indeed, counsel obtained a plea bargain in which two charges were dismissed, including the one that carried the greatest potential sentence. On the remaining charge, although defendant faced a maximum sentence of 15 years in prison, counsel obtained an agreed sentence of 10 years in prison. Thus, the record shows that counsel provided effective assistance in obtaining the plea bargain.

¶ 22    Additionally, defendant's statements at the plea hearing show that she received effective representation regarding her guilty plea. Defendant told the trial court that she agreed with the plea bargain, that she understood that she was not required to plead guilty, that no one had threatened her or promised her anything beyond the agreement, and that her counsel had thoroughly discussed the plea agreement and had answered all of her questions. Thus, the record rebuts her allegations that, because of counsel's purported conflict of interest, she received ineffective representation.[2]

¶ 23                                III. CONCLUSION

---

[2] Because we decide the appeal on this basis, we need not address the State's alternative argument that defendant waived her claim by pleading guilty.

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 25    Affirmed.